UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

IN RE PAYMENT CARD INTERCHANGE FEE
AND MERCHANT DISCOUNT ANTITRUST
LITIGATION

**FINAL APPROVAL ORDER**
05-MD-1720 (MKB) (JO)

This document refers to: ALL ACTIONS

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  On November 7, 2019, the Court held a final approval hearing on (1) whether the terms and conditions of the Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants, including all its Appendices, dated September 17, 2018 (the "Superseding Settlement Agreement"), are fair, reasonable, and adequate for the settlement of the Class Actions in MDL 1720 by the Rule 23(b)(3) Class Plaintiffs and the members of the Rule 23(b)(3) Settlement Class provisionally certified by the Court; (2) whether the Court should enter judgment dismissing the Defendants from the Class Actions with prejudice except from *Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.* ("*Barry's*"); and (3) whether the terms of the Plan of Administration and Distribution in Appendix I to the Superseding Settlement Agreement are fair, reasonable, and adequate for allocating the settlement proceeds among the members of the Rule 23(b)(3) Settlement Class.

  Having considered all papers filed concerning the Superseding Settlement Agreement, and all matters submitted to the Court at the final approval hearing and otherwise, the Court FINDS, with all terms used herein having the same meanings set forth and defined in the Superseding Settlement Agreement, that:

    A.    The Court has jurisdiction over the Rule 23(b)(3) Class Plaintiffs, all members of the Rule 23(b)(3) Settlement Class, and the Defendants, and has jurisdiction to finally approve the Superseding Settlement Agreement.

    B.    The notice and exclusion procedures provided to the Rule 23(b)(3) Settlement Class, including but not limited to the methods of identifying and notifying members of the Rule 23(b)(3) Settlement Class, were fair, adequate, and sufficient, constituted the best practicable notice under the circumstances, and were reasonably calculated to apprise members of the Rule 23(b)(3) Settlement Class of the Action, the terms of the Superseding Settlement Agreement, and their objection rights, and to apprise members of the Rule 23(b)(3) Settlement Class of their exclusion rights, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, any other applicable laws or rules of the Court, and due process.

    C.    The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

    D.    The Court held a final approval hearing on November 7, 2019 to consider the fairness, reasonableness, and adequacy of the Superseding Settlement Agreement, and has been advised of all objections to the Superseding Settlement Agreement and given due consideration thereto.

    E.    The Superseding Settlement Agreement, including its consideration and release provisions:

        (1)    was entered into in good faith, following arm's-length negotiations, and was not collusive;

        (2)    is fair, reasonable, and adequate, and is in the best interests of the Rule 23(b)(3) Settlement Class;

(3) is consistent with the requirements of federal law and all applicable court rules, including Rule 23 of the Federal Rules of Civil Procedure; and

(4) was entered into at a time when the record was sufficiently developed and complete to enable the Rule 23(b)(3) Class Plaintiffs and the Defendants to have adequately evaluated and considered all terms of the Superseding Settlement Agreement.

F. The Plan of Administration and Distribution contained in Appendix I to the Superseding Settlement Agreement is fair, reasonable, and adequate, including for the submission, processing, and allocation of claims by members of the Rule 23(b)(3) Settlement Class.

ACCORDINGLY, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Superseding Settlement Agreement, the terms and conditions of which are hereby incorporated by reference, are hereby fully and finally APPROVED by the Court.

NOW, THEREFORE, based on good cause, and as explained in the accompanying opinion, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Based on and pursuant to the class action criteria of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court finds that the requirements of Rules 23(a) and 23(b)(3) have been met and finally certifies, for settlement purposes only, a Rule 23(b)(3) Settlement Class, consisting of all persons, businesses, and other entities that have accepted any Visa-Branded Cards and/or Mastercard-Branded Cards in the United States at any time from January 1, 2004 to the Settlement Preliminary Approval Date, except that the Rule 23(b)(3) Settlement Class shall not include (a) the Dismissed Plaintiffs, (b) the United States government, (c) the named Defendants in this Action or their directors, officers, or members of their families, or (d) financial institutions that have issued Visa-Branded Cards or Mastercard-Branded Cards or

acquired Visa-Branded Card transactions or Mastercard-Branded Card transactions at any time from January 1, 2004 to the Settlement Preliminary Approval Date.

2.      Attached as Exhibit 1 is a list of the members of the Rule 23(b)(3) Settlement Class that validly excluded themselves from that Class and became Opt Outs.

3.      In the event of termination of the Superseding Settlement Agreement, certification of the Rule 23(b)(3) Settlement Class shall automatically be vacated and each Defendant may fully contest certification of any class as if no Rule 23(b)(3) Settlement Class had been certified.

4.      The Rule 23(b)(3) Class Plaintiffs shall continue to serve as representatives of the Rule 23(b)(3) Settlement Class. The law firms of Robins Kaplan LLP, Berger Montague PC, and Robbins Geller Rudman & Dowd LLP shall continue to serve as Rule 23(b)(3) Class Counsel for the Rule 23(b)(3) Settlement Class.

5.      The definition of the proposed class in the Third Consolidated Amended Class Action Complaint, filed in MDL 1720 on or about October 27, 2017, is hereby amended to be the same as the Rule 23(b)(3) Settlement Class finally certified above.

6.      Rule 23(b)(3) Class Counsel, the Visa Defendants, the Mastercard Defendants, and the Bank Defendants shall continue to maintain the Class Settlement Cash Escrow Account as provided in the Superseding Settlement Agreement and the Amended and Restated Class Settlement Cash Escrow Agreement and the Amended and Restated Class Settlement Interchange Escrow Agreement (attached as Appendices C and D to the Superseding Settlement Agreement).

7.      Within ten business days after the entry of this Rule 23(b)(3) Class Settlement Order and Final Judgment, the Escrow Agent shall (a) make a Class Exclusion Takedown Payment from the Class Settlement Cash Escrow Account of $466,666,667 to an account that the

Visa Defendants shall designate, and (b) make a Class Exclusion Takedown Payment from the Class Settlement Cash Escrow Account of $233,333,333 to an account or accounts that the Mastercard Defendants and the Bank Defendants shall designate. Both of those payments shall be made regardless of any appeal or other challenge made to the Class Exclusion Takedown Payments or their amounts, as provided in Paragraph 21 of the Superseding Settlement Agreement.

8. The parties to the Superseding Settlement Agreement have clarified that in the event the claims process under the Plan of Administration and Distribution results in any determinations that would have reduced the Class Exclusion Takedown Payments provided in the preceding paragraph, as calculated pursuant to Paragraph 22 of the Superseding Settlement Agreement, the Visa Defendants shall refund the difference with respect to the Class Exclusion Takedown Payment made to them, and the Mastercard Defendants and the Bank Defendants shall refund the difference with respect to the Class Exclusion Takedown Payment made to them, by wire transfer to the Class Settlement Cash Escrow Account. Those payments shall be made within ten business days after the determinations at issue have become final and non-reviewable.

9. Subject to Paragraphs 27–28 and the other terms of the Superseding Settlement Agreement, as consideration for the settlement of the Class Actions in MDL 1720 except for *Barry's*, members of the Rule 23(b)(3) Settlement Class shall be entitled to both make claims for and enjoy the benefits from money payments from the Net Cash Settlement Fund. The Net Cash Settlement Fund will be the amount in the Class Settlement Cash Escrow Account, including the Additional Payment Amount and the amounts to be transferred from the Class Settlement Interchange Escrow Account to the Class Settlement Cash Escrow Account, as reduced by (i) the Taxes and administrative costs related to the Class Settlement Cash Escrow Account, (ii) the

Class Exclusion Takedown Payments, and (iii) any other payments approved by the Court and that are permitted under Paragraphs 19–26 of the Superseding Settlement Agreement, including for Attorneys' Fee Awards, Expense Awards, Rule 23(b)(3) Class Plaintiffs' Service Awards, and Settlement Administration Costs.  The Net Cash Settlement Fund shall be distributed to eligible members of the Rule 23(b)(3) Settlement Class pursuant to the claims process specified in the Plan of Administration and Distribution contained in Appendix I to the Superseding Settlement Agreement.

10. The terms and provisions of the Fourth Amended Protective Order, filed on October 29, 2009 and approved by the Court on October 30, 2009, and the terms and provisions of the Protective Order filed on April 3, 2015 on the 14-MD-1720 docket and approved by the Court on April 9, 2015, shall survive and continue in effect through and after entry of this Rule 23(b)(3) Class Settlement Order and Final Judgment.

11. Nothing in the Superseding Settlement Agreement or this Rule 23(b)(3) Class Settlement Order and Final Judgment is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Defendants, or of the truth or validity or lack of truth or validity of any of the claims or allegations alleged in any of the Class Actions in MDL 1720.

12. Nothing in this Rule 23(b)(3) Class Settlement Order and Final Judgment is intended to or shall modify the terms of the Superseding Settlement Agreement.

13. Rule 23(b)(3) Class Plaintiffs and Rule 23(b)(3) Class Counsel shall provide to the Visa Defendants, the Mastercard Defendants, and the Bank Defendants such information as they may reasonably request regarding the claims made by, and payments made to, members of the Rule 23(b)(3) Settlement Class from the Cash Settlement Cash Escrow Account, which

information may be produced subject to the terms of the operative protective orders in this Action that address the production of confidential and highly confidential information.

14. All the Class Actions consolidated in MDL 1720, listed in Appendix A to the Superseding Settlement Agreement and in Exhibit 2 hereto, including all claims against the Defendants in those Class Actions, are hereby dismissed with prejudice, except for *Barry's*, with each party to bear its own costs.

15. Each member of the Rule 23(b)(3) Settlement Class and each Rule 23(b)(3) Settlement Class Releasing Party unconditionally, fully, and finally releases and forever discharges the Defendants and each of the other Rule 23(b)(3) Settlement Class Released Parties from all claims released in the Superseding Settlement Agreement, and waives any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws.

16. Specifically, the members of the Rule 23(b)(3) Settlement Class agree to the following release and covenant not to sue:

    A. The "Rule 23(b)(3) Settlement Class Releasing Parties" are individually and collectively Rule 23(b)(3) Class Plaintiffs and each member of the Rule 23(b)(3) Settlement Class, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, estates, purchasers, predecessors, successors, and assigns, whether or not they object to the settlement set forth in the Superseding and Amended Class Settlement Agreement, and whether or not they make a claim for payment from the Net Cash Settlement Fund.

    B. The "Rule 23(b)(3) Settlement Class Released Parties" are all of the following:

        (a) Visa U.S.A. Inc., Visa International Service Association, Visa International, Visa Inc., Visa Asia Pacific Region, Visa Canada Association, Visa Central & Eastern Europe, Middle East & Africa Region, Visa Latin America & Caribbean Region, Visa Europe, Visa Europe Limited, Visa Europe

7

Services, Inc., and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any Visa-Branded Cards or to acquire any Visa-Branded Card transactions.

  (b)  Mastercard International Incorporated, Mastercard Incorporated, and any other entity that now authorizes or licenses, or in the past has authorized or licensed, a financial institution to issue any Mastercard-Branded Cards or to acquire any Mastercard-Branded Card transactions.

  (c)  Bank of America, N.A.; BA Merchant Services LLC (formerly known as National Processing, Inc.); Bank of America Corporation; NB Holdings; MBNA America Bank, N.A.; and FIA Card Services, N.A.

  (d)  Barclays Bank plc; Barclays Delaware Holdings, LLC (formerly known as Juniper Financial Corporation); Barclays Bank Delaware (formerly known as Juniper Bank); and Barclays Financial Corp.

  (e)  Capital One Bank (USA), N.A.; Capital One F.S.B.; and Capital One Financial Corporation.

  (f)  Chase Bank USA, N.A. (and as successor to Chase Manhattan Bank USA, N.A. and Bank One Delaware, N.A.); Paymentech, LLC (and as successor to Chase Paymentech Solutions, LLC); JPMorgan Chase & Co. (and as successor to Bank One Corporation); and JPMorgan Chase Bank, N.A. (and as successor to Washington Mutual Bank).

  (g)  Citibank (South Dakota), N.A.; Citibank, N.A.; Citigroup Inc.; and Citicorp.

  (h)  Fifth Third Bancorp.

  (i)  First National Bank of Omaha.

  (j)  HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC North America Holdings Inc.; HSBC Holdings plc; HSBC Bank plc; and HSBC U.S.A. Inc.

  (k)  National City Corporation and National City Bank of Kentucky.

  (l)  The PNC Financial Services Group, Inc. and PNC Bank, National Association.

  (m)  SunTrust Banks, Inc. and SunTrust Bank.

  (n)  Texas Independent Bancshares, Inc.

(o)    Wachovia Bank, N.A. and Wachovia Corporation.

(p)    Washington Mutual, Inc.; Washington Mutual Bank; Providian National Bank (also known as Washington Mutual Card Services, Inc.); and Providian Financial Corporation.

(q)    Wells Fargo & Company (and as successor to Wachovia Corporation) and Wells Fargo Bank, N.A. (and as successor to Wachovia Bank, N.A.).

(r)    Each and every entity or person alleged to be a co-conspirator of any Defendant in the Third Consolidated Amended Class Action Complaint or any of the Class Actions.

(s)    Each of the past, present, or future member or customer financial institutions of Visa U.S.A. Inc., Visa International Service Association, Visa Inc., Visa Europe, Visa Europe Limited, Mastercard International Incorporated, or Mastercard Incorporated.

(t)    For each of the entities or persons in Paragraphs B(a)-(s) above, each of their respective past, present, and future, direct and indirect, parents (including holding companies), subsidiaries, affiliates, and associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), or any other entity in which more than 50% of the equity interests are held.

(u)    For each of the entities or persons in Paragraphs B(a)-(t) above, each of their respective past, present, and future predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of any of the Defendants to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(3) Settlement Class Released Parties as defined in Paragraphs B(a)-(t) above).

(v)    For each of the entities or persons in Paragraphs B(a)-(u) above, each of their respective past, present, and future principals, trustees, partners, officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, estates, shareholders, advisors, predecessors, successors, purchasers, and assigns (including acquirers of all or substantially all of the assets, stock, or other ownership interests of each of the foregoing entities to the extent a successor's, purchaser's, or acquirer's liability is based on the Rule 23(b)(3) Settlement Class Released Parties as defined in Paragraphs B(a)-(u) above).

C.    In addition to the effect of the Rule 23(b)(3) Class Settlement Order and Final Judgment entered in accordance with the Superseding and

Amended Class Settlement Agreement, including but not limited to any *res judicata* effect, and except as provided hereinafter in Paragraphs F and I below:

    (a)  The Rule 23(b)(3) Settlement Class Releasing Parties hereby expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Rule 23(b)(3) Settlement Class Released Parties from, any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, *parens patriae*, or otherwise in nature, for damages, restitution, disgorgement, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, or for injunctive, declaratory, or other equitable relief, whenever incurred, whether directly, indirectly, derivatively, or otherwise, whether known or unknown, suspected or unsuspected, in law or in equity, that any Rule 23(b)(3) Settlement Class Releasing Party ever had, now has, or hereafter can, shall, or may have and that have accrued as of the Settlement Preliminary Approval Date or accrue no later than five years after the Settlement Final Date arising out of or relating to any conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act of any Rule 23(b)(3) Settlement Class Released Party that are or have been alleged or otherwise raised in the Action, or that could have been alleged or raised in the Action relating to the subject matter thereof, or arising out of or relating to a continuation or continuing effect of any such conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act. For avoidance of doubt, this release shall extend to, but only to, the fullest extent permitted by federal law.

    (b)  It is expressly agreed, for purposes of clarity, that any claims arising out of or relating to any of the following conduct, acts, transactions, events, occurrences, statements, omissions, or failures to act are claims that were or could have been alleged in this Action and relate to the subject matter thereof:

      (i)  any interchange fees, interchange rates, or any Rule of any Visa Defendant or Mastercard Defendant relating to interchange fees, interchange rates, or to the setting of interchange fees or interchange rates with respect to any Visa-Branded Card transactions in the United States or any Mastercard-Branded Card transactions in the United States;

      (ii)  any Merchant Fee of any Rule 23(b)(3) Settlement Class Released Party relating to any Visa-Branded Card transactions in the United States or any Mastercard-Branded transactions in the United States;

      (iii)  any actual or alleged "no surcharge" rules, "honor all cards" rules, "honor all issuers" rules, "honor all devices" rules, rules requiring the honoring of all credentials or accounts, "no minimum purchase" rules, "no discounting" rules, "non-discrimination" rules, "anti-steering" rules, Rules that limit merchants in favoring or steering customers to use certain payment systems, "all outlets" rules, "no bypass" rules, "no multi-issuer" rules, "no multi-bug" rules, routing rules, cross-border acquiring rules, card authentication or cardholder

10

verification rules, "cardholder selection" rules or requirements, PAVD rules, rules or conduct relating to routing options regarding acceptance technology for mobile, e-commerce, or online payments, or development and implementation of tokenization standards;

    (iv) any reorganization, restructuring, initial or other public offering, or other corporate structuring of any Visa Defendant or Mastercard Defendant;

    (v) any service of an employee or agent of any Rule 23(b)(3) Settlement Class Released Party on any board or committee of any Visa Defendant or Mastercard Defendant; or

    (vi) any actual or alleged agreement (or alleged continued participation therein) (A) between or among any Visa Defendant and any Mastercard Defendant, (B) between or among any Visa Defendant or Mastercard Defendant and any other Rule 23(b)(3) Settlement Class Released Party or Parties, or (C) between or among any Defendant or Rule 23(b)(3) Settlement Class Released Party or Parties, relating to (i)-(v) above or to any Rule 23(b)(3) Settlement Class Released Party's imposition of, compliance with, or adherence to (i)-(v) above.

   (c) For purposes of clarity, references to the rules identified in this Paragraph C mean those rules as they are or were in place on or before the Settlement Preliminary Approval Date and rules in place thereafter that are substantially similar to those rules in place as of the Settlement Preliminary Approval Date.

   D. Each Rule 23(b)(3) Settlement Class Releasing Party further expressly and irrevocably waives, and fully, finally, and forever settles and releases, any and all defenses, rights, and benefits that the Rule 23(b)(3) Settlement Class Releasing Party may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in the preceding Paragraphs A-C. Without limiting the generality of the foregoing, each Rule 23(b)(3) Settlement Class Releasing Party expressly and irrevocably waives and releases any and all defenses, rights, and benefits that the Rule 23(b)(3) Settlement Class Releasing Party might otherwise have in relation to the release by virtue of the provisions of California Civil Code Section 1542 or similar laws of any other state or jurisdiction. SECTION 1542 PROVIDES: "CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." In addition, although each Rule 23(b)(3) Settlement Class Releasing

11

Party may hereafter discover facts other than, different from, or in addition to those that it or he or she knows or believes to be true with respect to any claims released in the preceding Paragraphs A-C, each Rule 23(b)(3) Settlement Class Releasing Party hereby expressly waives, and fully, finally, and forever settles, discharges, and releases, any known or unknown, suspected or unsuspected, contingent or non-contingent claims within the scope of the preceding Paragraphs A-C, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts. Rule 23(b)(3) Class Plaintiffs acknowledge, and the members of the Rule 23(b)(3) Settlement Class shall be deemed by operation of the Rule 23(b)(3) Class Settlement Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of this Superseding and Amended Class Settlement Agreement.

      E.      The release in Paragraphs A-D above does not bar an investigation or action, whether denominated as *parens patriae*, law enforcement, or regulatory, by a state, quasi-state, or local governmental entity to vindicate sovereign or quasi-sovereign interests. The release shall bar a claim brought by a state, quasi-state, or local governmental entity to the extent that such claim is based on a state, quasi-state, or local government entity's proprietary interests as a member of the Rule 23(b)(3) Settlement Class that has received or is entitled to receive a financial recovery in this action. The release shall also bar a claim, whether denominated as seeking damages, restitution, unjust enrichment, or other monetary relief, brought by a state, quasi-state, or local governmental entity for monetary harm sustained by natural persons, businesses, other non-state, non-quasi-state, and non-local governmental entities or private parties who themselves are eligible to be members of the Rule 23(b)(3) Settlement Class.

      F.      Notwithstanding anything to the contrary in Paragraphs A-E above, the release in Paragraphs A-E above shall not release:

      (a)      A Rule 23(b)(3) Settlement Class Releasing Party's continued participation, as a named representative or non-representative class member, in *Barry's Cut Rate Stores, Inc., et al. v. Visa, Inc., et al.*, MDL No. 1720 Docket No. 05-md-01720-MKB-JO ("*Barry's*"), solely as to injunctive relief claims alleged in *Barry's*. As to all such claims for injunctive relief in *Barry's*, the Rule 23(b)(3) Settlement Class Releasing Parties retain all rights pursuant to Rule 23 of the Federal Rules of Civil Procedure which they have as a named representative plaintiff or absent class member in *Barry's* except the right to initiate a new separate action before five years after the Settlement Final Date. Nothing in this Paragraph shall be read to enlarge, restrict, conflict with, or affect the terms of any release or judgment to which any Rule 23(b)(3) Settlement Class Releasing Party may become bound in *Barry's*, and nothing in the release in Paragraphs A-E above shall be interpreted to enlarge, restrict, conflict with, or affect the request for injunctive relief that the plaintiffs in *Barry's* may seek or obtain in *Barry's*.

(b) Any claims asserted in *B&R Supermarket, Inc., et al. v. Visa, Inc., et al.*, No. 17-CV-02738 (E.D.N.Y.), as of the date of the parties' execution of this Superseding and Amended Class Settlement Agreement, that are based on allegations that payment card networks unlawfully agreed with one another to shift the liability of fraudulent payment card transactions from card-issuing financial institutions to merchants beginning in October 2015.

(c) Any claim of a Rule 23(b)(3) Settlement Class Releasing Party that is based on standard commercial disputes arising in the ordinary course of business under contracts or commercial relations regarding loans, lines of credit, or other related banking or credit relations, individual chargeback disputes, products liability, breach of warranty, misappropriation of cardholder data or invasion of privacy, compliance with technical specifications for a merchant's acceptance of Visa-Branded Credit Cards or Debit Cards, or Mastercard-Branded Credit Cards or Debit Cards, and any other dispute arising out of a breach of any contract between any of the Rule 23(b)(3) Settlement Class Releasing Parties and any of the Rule 23(b)(3) Settlement Class Released Parties; provided, however, that Paragraphs A-E above and not this Paragraph shall control in the event that any such claim challenges the legality of interchange rules, interchange rates, or interchange fees, or any other Rule, fee, charge, or other conduct covered by any of the claims released in Paragraphs A-E above.

(d) Claims based only on an injury suffered as (i) a payment card network competitor of the Visa Defendants or the Mastercard Defendants, or (ii) an ATM operator that is not owned by, or directly or indirectly controlled by, one or more of the Rule 23(b)(3) Settlement Class Released Parties.

G. Except as provided above in Paragraph F, upon the Settlement Final Approval Date each of the Rule 23(b)(3) Settlement Class Releasing Parties agrees and covenants not to: (a) sue any of the Rule 23(b)(3) Settlement Class Released Parties on the basis of any claim released in Paragraphs A-E above; (b) assist any third party in commencing or maintaining any private civil lawsuit against any Rule 23(b)(3) Settlement Class Released Party related in any way to any claim released in Paragraphs A-E above; or (c) take any action or make any claim until five years after the Settlement Final Date that as of or after the Settlement Final Approval Date a Rule 23(b)(3) Settlement Class Released Party has continued to participate in, and failed to withdraw from, any alleged unlawful horizontal conspiracies or agreements relating to the claims released in Paragraphs A-E above, which allegedly arise from or relate to the pre-IPO structure or governance of any of the Visa Defendants or the pre-IPO structure or governance of any of the Mastercard Defendants, or any Bank Defendant's participation therein. For the avoidance of doubt, however, nothing in this Paragraph shall preclude a Rule 23(b)(3) Settlement Class Releasing Party from taking any action compelled by law or court order.

      H.      Each Rule 23(b)(3) Settlement Class Releasing Party further releases each of the Visa Defendants, Mastercard Defendants, and Bank Defendants, and their counsel and experts in this Action, from any claims relating to the defense and conduct of this Action, including the negotiation and terms of the Definitive Class Settlement Agreement or the Superseding and Amended Class Settlement Agreement, except for any claims relating to enforcement of the Superseding and Amended Class Settlement Agreement. Each Visa Defendant, Mastercard Defendant, and Bank Defendant releases the Rule 23(b)(3) Class Plaintiffs, the other plaintiffs in the Class Actions (except for the plaintiffs named in *Barry's*), Rule 23(b)(3) Class Counsel, Rule 23(b)(3) Class Plaintiffs' other counsel who have participated in any settlement conferences before the Court for a Class Plaintiff that executes the Superseding and Amended Class Settlement Agreement, and their respective experts in the Class Actions, from any claims relating to their institution or prosecution of the Class Actions, including the negotiation and terms of the Definitive Class Settlement Agreement or the Superseding and Amended Class Settlement Agreement, except for any claims relating to enforcement of the Superseding and Amended Class Settlement Agreement.

      I.      In the event that the Superseding and Amended Class Settlement Agreement is terminated pursuant to Paragraphs 61-64 of the Superseding and Amended Class Settlement Agreement, or any condition for the Settlement Final Approval Date is not satisfied, the release and covenant not to sue provisions of Paragraphs A-H above shall be null and void and unenforceable.

17.      All members of the Rule 23(b)(3) Settlement Class, and those subject to their control, are hereby enjoined and forever barred from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on its behalf, any claims released against the Rule 23(b)(3) Settlement Class Released Parties, as set forth in the release and covenant not to sue provisions in Paragraph 15 above; provided, however, for purposes of clarity, that members of the Rule 23(b)(3) Settlement Class may continue to prosecute or participate in injunctive relief claims in *Barry's* as provided in Paragraph 15(F)(a) above.

18.      Without affecting the finality of this judgment in any way, and as further provided in Paragraphs 65–68 of the Superseding Settlement Agreement, this Court retains continuing jurisdiction in MDL 1720 over the Rule 23(b)(3) Class Plaintiffs, the members of the Rule 23(b)(3) Settlement Class, and the Defendants to implement, administer, consummate, and

14

enforce the Superseding Settlement Agreement and this Rule 23(b)(3) Class Settlement Order and Final Judgment, including any disputes relating to, or arising out of, the release and covenant not to sue of the Rule 23(b)(3) Settlement Class or any claim for payment from the Class Settlement Cash Escrow Account.

19. The Rule 23(b)(3) Class Plaintiffs, members of the Rule 23(b)(3) Settlement Class, and the Defendants irrevocably submit to the exclusive jurisdiction of this Court for the resolution of any matter covered by the Superseding Settlement Agreement, this Rule 23(b)(3) Class Settlement Order and Final Judgment, or the applicability of the Superseding Settlement Agreement or this Rule 23(b)(3) Class Settlement Order and Final Judgment. All applications to the Court with respect to any aspect of the Superseding Settlement Agreement or this Rule 23(b)(3) Class Settlement Order and Final Judgment shall be presented to and determined by United States District Court Judge Margo K. Brodie for resolution as a matter within the scope of MDL 1720, or, if she is not available, any other District Court Judge designated by the Court.

20. In the event that the provisions of the Superseding Settlement Agreement or the Rule 23(b)(3) Class Settlement Order and Final Judgment are asserted by any Defendant or other Rule 23(b)(3) Settlement Class Released Party as a ground for a defense, in whole or in part, to any claim or cause of action, or are otherwise raised as an objection in any other suit, action, or proceeding by a Rule 23(b)(3) Class Plaintiff or member of the Rule 23(b)(3) Settlement Class, the Rule 23(b)(3) Settlement Class Released Party shall be entitled to an immediate stay of that suit, action, or proceeding until after this Court has entered an order or judgment determining any issues relating to the defense or objections based on such provisions, and no further judicial review of such order or judgment is possible.

21. This Rule 23(b)(3) Class Settlement Order and Final Judgment terminates and disposes of all claims against the Defendants in the Class Actions in MDL 1720, except for the injunctive relief claims alleged by the named plaintiffs in *Barry's*. There is no just reason for delay in entering final judgment. The Court hereby directs the Clerk to enter judgment forthwith in accordance with the terms of this Rule 23(b)(3) Class Settlement Order and Final Judgment, which judgment shall be final and appealable.

Dated: December 13, 2019
       Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge